SEDGWICK LLP
JAMES P. DIWIK (Bar No. 164016)
james.diwik@sedgwicklaw.com
JOEL M. LONG (Bar No. 226061)
joel.long@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, California 94104
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
The Hanover Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>FREMONT BANK,<br><br>    Defendant. | CASE NO. C 14-01519 DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff The Hanover Insurance Company ("Hanover") and defendant Fremont Bank (the "Bank") submit this joint case management statement in advance of the initial case management conference scheduled for September 17, 2014.

**1.      Jurisdiction and Service**

This Court has diversity jurisdiction.  No issues exist regarding personal jurisdiction or venue.  All parties have been served.

**2.      Facts**

Hanover issued surety bonds on behalf of a construction contractor based in Livermore, California, Legg, Inc. ("Legg").  The Bank loaned money to Legg on several occasions, and alleges that the loans were secured by commercial security agreements, as well as a UCC financing statement filed with the California Secretary of State on April 28, 2005, renewed

1  October 29, 2009, and valid until April 2015.  Legg failed to complete the work and pay
2  subcontractors and suppliers on the Hanover bonded projects, and Legg defaulted on the loans
3  made by the Bank.  The parties have made competing claims to the remaining contract funds on
4  two of the Hanover bonded projects, namely City Project No. 2000-79, Water Office Remodel
5  (the "Livermore Project") and Project No. NV-316, Kitchen/Dining/Laundry Expansion at SDCC
6  Phase 2 & 3 (the "SDCC Project").  The parties dispute which of them has the priority right to
7  recover the funds.  In addition, the Bank obtained approximately $140,156 of the remaining
8  contract funds being held by the City of Livermore (the "City") in connection with the Livermore
9  Project through execution of a writ of attachment issued by Alameda County Superior Court
10 ("State Court"), which entered judgment against Legg in favor of the Bank.  Hanover contends
11 that that the Bank obtained these funds in derogation of Hanover's priority right to recover the
12 funds.

### 3. **Legal Issues**

<u>Hanover</u>

15 Under the current state of the pleadings and pending the Court's ruling on the Bank's
16 motion to dismiss, Hanover identifies the following legal issues:  (a) as between Hanover and the
17 Bank, which party has the priority right to recover the remaining contract funds on the Livermore
18 and SDCC Projects; (b) whether the Bank's recovery of approximately $140,156 of the
19 remaining contract funds being held by the City in connection with the Livermore Project
20 amounted to a conversion of monies due and owing to Hanover; (c) whether the Bank interfered
21 with contractual relations between Hanover and the City in recovering approximately $140,156
22 of the remaining contract funds being held by the City in connection with the Livermore Project;
23 (d) whether the Bank is obligated to disgorge to Hanover the approximately $140,156 obtained
24 by the Bank out of the remaining contract funds being held by the City in connection with the
25 Livermore Project; and (e) whether the Bank is liable to Hanover for exemplary or punitive
26 damages.

<u>Bank</u>

28 Under the current state of the pleadings and pending the Court's ruling on the Bank's

1  motion to dismiss, the Bank identifies the following legal issues:  (a) whether the Bank has the
2  right to retain funds disbursed and obtained through the attachment, judgment, and execution
3  process in the State Court Action; (b) whether Hanover's claims are totally or partially barred by
4  defenses to be asserted herein; and (c) whether Hanover has a superior right to funds, including
5  accounts, which are collateral for Legg's obligations.

6  **4.    Motions**

7  The Bank's motion to dismiss was taken under submission on July 31, 2014,
8  supplemental briefs were filed on August 15, 2014, and the parties are awaiting the Court's
9  written order on the motion.  Hanover anticipates filing a motion for partial summary judgment
10 as to its declaratory judgment cause of action in the near term.  The Bank anticipates filing a
11 motion for summary judgment as to all causes of action.

12 **5.    Amendment of Pleadings**

13 At the July 31, 2014 motion hearing, the Court asked Hanover to consider voluntarily
14 dismissing the third cause of action in its May 21, 2014 amended complaint (for intentional
15 interference with contractual relations).  Hanover has not dismissed the claim.  Depending on the
16 Court's ruling on the Bank's motion to dismiss, further pleading amendment may be necessary.
17 The Bank anticipates filing a counterclaim against Hanover concerning monies Hanover
18 allegedly obtained from Legg's guarantors in derogation of the Bank's rights.

19 **6.    Evidence Preservation**

20 The parties have reviewed the ESI guidelines.  The parties have also met and conferred
21 pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and
22 proportionate steps taken to preserve evidence relevant to the issues reasonably evident to this
23 action under the current state of the pleadings and pending the Court's ruling on the Bank's
24 motion to dismiss.

25 **7.    Disclosures**

26 The parties served initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of
27 Civil Procedure on September 10, 2014.

28

**8.    Discovery**

No discovery has been taken and no discovery disputes have been identified to date. The parties do not propose any limitations or modifications of the discovery rules. The parties have considered entering into a stipulated e-discovery order, and the parties are filing a joint Rule 26(f) report and discovery plan concurrently with this case management statement.

**9.    Class Actions**

Not applicable.

**10.   Related Cases**

None.

**11.   Relief**

Hanover

Hanover seeks declaratory relief as described in the "Request for Relief" section of Hanover's May 21, 2014 amended complaint. Further or in the alternative, Hanover seeks compensatory damages in the principal amount of approximately $292,016, which is comprised of: (a) the $140,156 improperly collected by the Bank out of the remaining contract funds on the Livermore Project; (b) the $47,800 in remaining contract funds still held by the City on the Livermore Project as the result of the Bank's improper demand for payment of said funds; and (c) the $104,060 in remaining contract funds held by Burke Construction Group, Inc. on the SDCC Project as the result of the Bank's improper demand for payment of said funds. Hanover also seeks prejudgment interest. Hanover also seeks exemplary and punitive damages in an amount to be determined, as well as all recoverable litigation costs and expenses.

Bank

The Bank will seek damages pursuant to its counterclaim, the amount and nature of which will be set forth therein.

**12.   Settlement and ADR**

Prospects for settlement are unknown, and there have been no formal ADR efforts to date. On June 25, 2014, the parties filed a local form Stipulation and [Proposed] Order Selecting ADR Process in which the parties agreed to court mediation (or private mediation in lieu of court

mediation) to occur within 90 days after the July 31, 2014 motion hearing, or by no later than October 29, 2014.

**13.     Consent to Magistrate Judge for All Purposes**

The parties previously filed consents to magistrate judge for all purposes.

**14.     Other References**

Not applicable.

**15.     Narrowing of Issues**

To be determined.

**16.     Expedited Trial Procedure**

Not applicable.

**17.     Scheduling**

<u>Hanover</u>

Under the current state of the pleadings and pending the Court's ruling on the Bank's motion to dismiss, and using the date of the initial case management conference, September 17, 2014, as a starting point, Hanover proposes the following schedule:

Deadline to complete fact discovery:  December 15, 2014.

Deadline to serve Rule 26(a)(2) expert witness disclosures:  December 22, 2014.

Deadline to complete expert discovery:  January 22, 2015.

Deadline to hear dispositive motions:  March 2, 2015.

Trial:  April 15, 2015.

<u>Bank</u>

Under the current state of the pleadings and pending the Court's ruling on the Bank's motion to dismiss, and using the date of the initial case management conference, September 17, 2014, as a starting point, the Bank proposes the following schedule:

Deadline to complete fact discovery: January 30, 2015.

Deadline to serve Rule 26(a)(2) expert witness disclosures:  February 28, 2015.

Deadline to complete expert discovery: March 30, 2015.

Deadline to hear dispositive motions:  May 4, 2015.

19209987v2                                    -5-
JOINT CASE MANAGEMENT STATEMENT

1  Trial: July 6, 2015

2  **18. <u>Trial</u>**

3  Hanover requests a jury trial. Under the current state of the pleadings and pending the
4  Court's ruling on the Bank's motion to dismiss, Hanover estimates that the trial will require three
5  to five court days, inclusive of jury selection.

6  **19. <u>Disclosure of Non-Party Interested Entities or Persons</u>**

7  Each party previously filed a Certification of Interested Entities or Persons pursuant to
8  Civil Local Rule 3-6. Each party restates its certification below.

9  <u>Hanover</u>

10 The following listed persons, associations of persons, firms, partnerships, corporations
11 (including parent corporations) or other entities (i) have a financial interest in the subject matter
12 in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject
13 matter or in a party that could be substantially affected by the outcome of this proceeding:
14 Hanover is wholly owned by Opus Investment Management, Inc., which is wholly owned by The
15 Hanover Insurance Group, Inc.

16 <u>Bank</u>

17 Pursuant to Civil Local Rule 3-15, the undersigned certifies that the following listed
18 persons, associations of persons, firms, partnerships, corporations (including parent corporations)
19 or other entities (i) have a financial interest in the subject matter in controversy or in a party to
20 the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could
21 be substantially affected by the outcome of this proceeding: Fremont Bank is wholly owned by
22 Fremont Bancorporation, a privately held California Subchapter S corporation.

23 **20. <u>Other Matters</u>**

24 None at this time.

25 DATED: September 10, 2014          SEDGWICK LLP

26                                    By: /s/ Joel M. Long _____
                                      Joel M. Long
27                                    Attorneys for Plaintiff
                                      The Hanover Insurance Company
28

1

2   DATED:  September 10, 2014             MILLER STARR REGALIA

3                                          By: /s/ Basil S. Shiber _____
                                               Basil S. Shiber
4                                              Attorneys for Defendant
                                               Fremont Bank
5

6   *Filer's Attestation:  Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Joel M. Long*

7   *attests that concurrence in the filing of this document has been obtained.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28